**SECURITIES AND EXCHANGE COMMISSION**
Susan F. LaMarca (Cal. Bar No. 215231)
lamarcas@sec.gov
Andrew J. Hefty (Cal. Bar No. 220450)
heftya@sec.gov
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
*Attorneys for Plaintiff*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Jack P. Dicanio (Cal. Bar No. 138782)
Ashley L. Phillips (Cal. Bar No. 318397)
525 University Avenue, Suite 1400
Palo Alto, California 94301

**VEDDER PRICE (CA), LLP**
Anthony Pacheco (Cal. Bar No. 128277)
apacheco@vedderprice.com
Brooke E. Conner (*Pro Hac Vice*)
bconner@vedderprice.com
Maura L. Riley (Cal. Bar No. 319826)
mriley@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
*Attorneys for Defendant Matthew Panuwat*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW PANUWAT,<br><br>Defendant. | Case No. 3:21-cv-06322<br><br>**STIPULATED REQUEST FOR ORDER REGARDING AUTHENTICITY AND ADMISSIBILITY OF MIKKELSON DECLARATION; ORDER** |

Plaintiff Securities and Exchange Commission ("SEC") and Defendant Matthew Panuwat ("Defendant") (together, the "Parties"), submit the following Stipulation Regarding the Authenticity and Admissibility of the Mikkelson Declaration in this case:

1. The Declaration of Keith Mikkelson ("Mikkelson Declaration"), attached hereto, is a signed and dated statement made under penalty of perjury pursuant to 28 U.S.C. § 1746.

2. The Mikkelson Declaration shall be deemed authentic under Rule 901 of the Federal Rules of Evidence for purposes of admissibility at trial, with no need for additional proof of authenticity.

3. The Parties agree to treat the Mikkelson Declaration as equivalent to the deposition testimony of an unavailable witness under Rule 32 of the Federal Rules of Civil Procedure, if he does not appear in person; otherwise it may be used for impeachment. In addition, both Parties waive objections based on form and hearsay. To the extent the Mikkelson Declaration is offered into evidence to prove the truth of the matter asserted in it, the Parties stipulate that the document falls within the exception to the hearsay rule set forth in Rule 804(b)(1) of the Federal Rules of Evidence. The SEC reserves the right to object based on relevance pursuant to the Federal Rules of Evidence.

IT IS SO STIPULATED.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATED REQUEST FOR ORDER
REGARDING MIKKELSON DECL.      - 2 -      SEC V. PANUWAT
CASE NO. 3:21-CV-06322-WHO

Dated: March 24, 2023

By: /s/ Susan F. LaMarca
Susan F. LaMarca
SECURITIES AND EXCHANGE COMMISSION

*Attorneys for Plaintiff, Securities and Exchange Commission*

Dated: March 24, 2023

By: [signature]
Anthony Pacheco
VEDDER PRICE (CA), LLP

*Attorneys for Defendant, Matthew Panuwat*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: March 28, 2023

By: [signature]
The Honorable William H. Orrick
UNITED STATES DISTRICT JUDGE

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATED REQUEST FOR ORDER REGARDING MIKKELSON DECL.

- 3 -

SEC V. PANUWAT
CASE NO. 3:21-CV-06322-WHO

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>                      Plaintiff,<br>v.<br>MATTHEW PANUWAT,<br>                      Defendant. | No. 21-cv-06322-WHO |

**DECLARATION OF KEITH MIKKELSON**

I, Keith Mikkelson, pursuant to 28 U.S.C. § 1746, declare as follows:

**Background**

1. From 2002 through the present, I have been employed by Incyte Corporation ("Incyte" or the "Company") in various business development capacities. Between approximately February 2015 and February 2022, I served as Vice President of Business Development, which was the most senior business development position at the Company during that period. In that position, I oversaw Incyte's Business Development department, which is responsible for, among other things, licensing of drug candidates and identifying potential merger or acquisition targets.

2. In approximately February 2022, I was promoted to Division Vice President and Head of Business Development and Licensing, which is currently the most senior business development position at Incyte. My responsibilities in this role are substantially similar to the responsibilities that I had as Vice President of Business Development. In both positions, I reported directly to Vijay Iyengar, Executive Vice President, Global Medical Affairs, Product, and Partnership Strategy.

3. I submit this declaration in connection with the above-captioned matter to provide

information regarding Incyte in relation to the trading of Incyte securities in 2016 as alleged in the Securities and Exchange Commission's complaint.

**Background Regarding Incyte**

4. Incyte is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business also located in the State of Delaware. Incyte is a publicly traded company, whose stock is traded on the Nasdaq stock exchange.

5. Incyte is a biopharmaceutical company focused on the discovery, development, and commercialization of medicines. Incyte focuses on developing drug candidates to treat diseases in the areas of hematology, oncology, and inflammation and autoimmunity.

6. In addition to developing and marketing drug candidates, Incyte also runs clinical programs to increase the effectiveness of its drugs and expand their therapeutic uses.

**Relationship Between Incyte and Medivation, Inc.**

7. Because of my senior business development roles at Incyte, I am generally familiar with other pharmaceutical companies with which Incyte had a business relationship as a collaborator, competitor, customer, supplier, or partner.

8. To aid in the drafting of this declaration, I also reviewed certain files for information that might identify any business relationship between the former entity, Medivation, Inc. ("Medivation") and Incyte, and consulted with other employees of the Company.

9. Incyte did not have a business relationship with Medivation in 2016 or 2017. In particular, Incyte and Medivation were not significant collaborators, competitors, customers, suppliers, or partners during that period.

10. Incyte did not enter into a confidentiality agreement with Medivation in 2016 or 2017.

**Acquisition Proposals**

11. To aid in the drafting of this declaration, I reviewed certain files from 2016 and 2017 and consulted with other employees of the Company.

12. Incyte did not receive any acquisition proposals in 2016 or 2017.

Dated: March 22, 2023

Keith Mikkelson

APPROVED AS TO FORM:

David Ohwenstein
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd
New York, NY 10019

*Counsel for Incyte Corporation*

3