1

2

3

4                UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7   SECURITIES AND EXCHANGE              Case No.  21-cv-06322-WHO
    COMMISSION,

8                 Plaintiff,             **PRELIMINARY JURY
                                         INSTRUCTIONS**
9       v.

10  MATTHEW PANUWAT,

11                Defendant.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO. 1**
**DUTY OF JURY**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of trial, I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

1

**NO. 2**
**CLAIMS AND DEFENSES**

2

3

To help you follow the evidence, I will give you a brief summary of the positions of the
parties:

4

5

The SEC asserts that the Defendant violated Section 10(b) of the Securities Exchange Act
and Rule 10b-5 and committed insider trading by misappropriating confidential information from
his employer, Medivation, Inc., when he purchased securities of another company called Incyte
Corporation.  The SEC asserts that the Defendant had a duty not to use Medivation's confidential
information for his personal gain and breached that duty by purchasing Incyte Corporation's
securities.  The SEC also asserts that such confidential information was material to an investor in
Incyte Corporation, and that the Defendant purchased securities of Incyte Corporation on the basis
of this information.

6

7

8

9

10

The SEC has the burden of proving all of the elements necessary for its claim. The
Defendant denies the claim in its entirety.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 3**
**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**NO. 4**
**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits that are admitted into evidence;

      3. any facts to which the lawyers have agreed; and

      4. any facts that I have instructed you to accept as proved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**NO. 5**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**NO. 6**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**NO. 7**
**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**NO. 8**
**BIAS AND PREJUDICE – ALL PARTIES EQUAL BEFORE THE LAW**

Do not let bias, sympathy, prejudice or public opinion influence your decision. You may not allow any personal feelings or preconceptions that you may have about corporate executives or the defendant's wealth to affect your decision.  Your decision must be based only on the evidence presented.

In this case, the plaintiff is the United States Securities and Exchange Commission ("SEC"), an agency of the United States federal government.  The fact that a governmental agency is involved as a party must not affect your decision in any way.  A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

**NO. 9**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# NO. 10
## IMPLICIT BIAS INSTRUCTION

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions.  We look at others and filter what they say through our own personal experience and background.  Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own.  We can also have biases about people like ourselves.  One common example is the automatic association of male with career and female with family.  Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case.  You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias.  Reconsider your first impressions of the people and the evidence in this case.  If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another.  You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness.  Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases.  Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 11**
**THE ELEMENTS THE SEC MUST PROVE TO ESTABLISH LIABILITY**

I will now describe for you the civil misappropriation theory of insider trading.  A person is liable for a violation of the securities laws if that person acts with an intent to defraud the source of confidential, material, and nonpublic information by either knowingly or recklessly misappropriating that information for securities trading purposes, in breach of a duty arising from a relationship of trust and confidence owed to the source of the information on which he traded.  In order for you to find the Defendant liable for insider trading, the SEC must prove each of the following elements by a preponderance of the evidence:

1.  That the Defendant owed a duty of trust, confidence, or confidentiality to his employer, Medivation;

2.  That, as a result of his relationship with Medivation, the Defendant possessed nonpublic information that was material to Incyte;

3.  That the Defendant bought Incyte call options on the basis of that information and in a breach of duty owed to Medivation; and

4.  That the Defendant, at the time he bought Incyte call options, knew that the information he received from Medivation was both nonpublic or material to Incyte or acted recklessly as to whether the information was both material and nonpublic, and lacked consent from Medivation to use the information.

If you find that the SEC has proved each of the above elements by a preponderance of the evidence, your verdict should be for the SEC.  If, on the other hand, you find that the SEC has failed to prove any of these elements, your verdict should be for the Defendant.  I will now define for you each of these four elements.

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## NO. 12
## DUTY OF TRUST, CONFIDENCE, OR CONFIDENTIALITY

An employee has a duty of trust, confidence, or confidentiality with regard to nonpublic information when he expressly agrees to maintain the confidentiality of his employer's nonpublic information or to refrain from using that information for personal gain. A duty also arises, even in the absence of a written agreement, when an employer entrusts an employee with confidential information. This is because a company's confidential information is the company's property, and employees are not permitted to use their position of trust and confidence to further their private interests without fully disclosing that use to the company and gaining the company's consent. In determining whether a duty of trust and confidence existed between the Defendant and Medivation, you must consider all the facts and circumstances presented to you about Defendant's relationship with Medivation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 13**
**"ON THE BASIS OF" DEFINED**

In order for you to find the defendant engaged in insider trading, the SEC must prove that the Defendant purchased Incyte call options because of material nonpublic information he knowingly possessed.

It is not sufficient that the SEC proves only that the Defendant bought Incyte call options while knowingly in possession of Medivation, Inc.'s nonpublic information that was material to investors in Incyte. While the SEC need not prove that the Defendant bought Incyte call options solely because of the material nonpublic information, it must prove that such inside information was a significant factor in Defendant's decision to buy Incyte call options.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## NO. 14
## "MATERIAL" DEFINED

Information is "material" to a company if there is a substantial likelihood that a reasonable investor would consider the information important in deciding whether to buy or sell that company's securities.  You must decide in this case whether, at the time the Defendant traded, reasonable Incyte investors would believe the allegedly non-public Medivation information significantly altered the total mix of information available concerning Incyte. Further, you must make this determination based on the circumstances as they existed at the time Defendant purchased Incyte securities.

1

**NO. 15**
**"NONPUBLIC" DEFINED**

2

3       "Nonpublic" information is information which is not generally available to the public

4  through such sources as press releases, trade publications, or other publicly available sources.

Information is considered non-public for purposes of insider trading liability until such

5  information has been effectively disseminated in a manner sufficient to ensure its availability to

the investing public.

6

7       Information from a corporate insider that is more reliable or specific than public rumors is

8  non-public information despite the existence of such rumors in the media or investment

community.  Whether or not the confirmation of a rumor by an insider qualifies as material non-

public information is an issue of fact for you to decide.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**NO. 16**
**"RECKLESSLY" DEFINED**

The SEC must prove, by preponderance of the evidence, that the Defendant acted knowingly or recklessly with an intent to defraud Medivation, as described in Instruction 11. "Recklessly" means highly unreasonable conduct that is an extreme departure from ordinary care, which is either known to the Defendant or is so obvious that Defendant must have been aware of it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**NO. 17**
**JURY NOT TO CONSIDER REMEDY**

The remedies provided by law for a claim brought by the SEC are for the court to decide. You may not consider remedies in deciding whether the SEC has proved its case against Defendant by a preponderance of the evidence.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# NO. 18
## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or

19

investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## NO. 19
## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.t

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO. 20**
**NO TRANSCRIPT AVAILABLE TO THE JURY**

      I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

United States District Court
Northern District of California

**NO. 21**
**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## NO. 22
## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 23**
**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.