UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

MATTHEW PANUWAT,

Defendant.

Case No.  21-cv-06322-WHO

**FINAL JURY INSTRUCTIONS**

**NO. 1**
**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

First, I will remind you of some of the instructions I gave you at the outset on evaluating the evidence, before I get into the substantive instructions.

United States District Court
Northern District of California

**NO. 2**
**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

3

**NO. 3**
**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits that are admitted into evidence;

      3. any facts to which the lawyers have agreed; and

      4. any facts that I have instructed you to accept as proved.

**NO. 4**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2

**NO. 5**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3        Evidence may be direct or circumstantial.

4
5        Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

6
7        Circumstantial evidence is proof of one or more facts from which you could find another fact.  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

8
9
10
11        You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 6**
**STIPULATED FACTS**

The parties have agreed to certain facts.  You must therefore treat these facts as having been proved.

**NO. 7**
**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Throughout the course of the trial, I ordered that some evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**NO. 8**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**NO. 9**
**TAKING NOTES**

You may have taken notes to help you remember the evidence. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## NO. 10
## DEPOSITIONS AND INVESTIGATIVE TESTIMONY

Before this case was filed, the Defendant provided sworn testimony to the SEC about the matters relevant to this lawsuit. Throughout the course of trial, you saw excerpts of a videorecording of that testimony and heard excerpts of that testimony read to you. You should not place any significance on the tone of the persons who read the questions and answers. When the Defendant gave this testimony, he took the same oath to tell the truth that a witness takes before testifying in court.

A deposition is the sworn testimony of a witness taken after this lawsuit was filed, but before trial.  The SEC took the defendant's deposition on March 23, 2023. You also saw excerpts of a videorecording from that deposition. At this deposition, the Defendant took the same oath to tell the truth that a witness takes before testifying in court.

**NO. 11**
**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**NO. 12**
**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**NO. 13**
**EXPERT OPINION**

You have heard testimony from Chyhe Becker and Lawrence Pines, who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**NO. 14**

**BIAS AND PREJUDICE – ALL PARTIES EQUAL BEFORE THE LAW**

Do not let bias, sympathy, prejudice or public opinion influence your decision. You may not allow any personal feelings or preconceptions that you may have about corporate executives or the defendant's wealth to affect your decision.   Your decision must be based only on the evidence presented.

In this case, the plaintiff is the United States Securities and Exchange Commission ("SEC"), an agency of the United States federal government.  The fact that a governmental agency is involved as a party must not affect your decision in any way.  A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

1

2

**NO. 15**
**IMPLICIT BIAS**

3

4

5

6

7

8

9

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

10

11

As jurors, you are being asked to make an important decision in the case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

12

13

14

15

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

16

17

18

19

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

20

21

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

22

23

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## NO. 16
## THE ELEMENTS THE SEC MUST PROVE TO ESTABLISH LIABILITY

I will now describe for you the civil misappropriation theory of insider trading. The term "insider trading," as used during these proceedings and in these instructions, is a legal term of art and is not pejorative. A person is liable for a violation of the securities laws if that person acts with an intent to defraud the source of confidential, material, and nonpublic information by either knowingly or recklessly misappropriating that information for securities trading purposes, in breach of a duty arising from a relationship of trust and confidence owed to the source of the information on which he traded. In order for you to find the Defendant liable for insider trading, the SEC must prove each of the following elements by a preponderance of the evidence:

1. That the Defendant owed a duty of trust, confidence, or confidentiality to his employer, Medivation;
2. That, as a result of his relationship with Medivation, the Defendant possessed nonpublic information that was material to Incyte;
3. That the Defendant bought Incyte call options on the basis of that information and in a breach of duty owed to Medivation; and
4. That the Defendant, at the time he bought Incyte call options, knew that the information he received from Medivation was both nonpublic and material to Incyte or acted recklessly as to whether the information was both material and nonpublic, and knew that, or acted recklessly as to whether, he lacked consent from Medivation to use the information.

If you find that the SEC has proved each of the above elements by a preponderance of the evidence, your verdict should be for the SEC. If, on the other hand, you find that the SEC has failed to prove any of these elements, your verdict should be for the Defendant. I will now define for you each of these four elements.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## NO. 17
### DUTY OF TRUST, CONFIDENCE, OR CONFIDENTIALITY

An employee has a duty of trust, confidence, or confidentiality with regard to nonpublic information when he expressly agrees to maintain the confidentiality of his employer's nonpublic information or to refrain from using that information for personal gain. A duty also arises, even in the absence of a written agreement, when an employer entrusts an employee with confidential information.  This is because a company's confidential information is the company's property, and employees are not permitted to use their position of trust and confidence to further their private interests without fully disclosing that use to the company and gaining the company's consent.  In determining whether a duty of trust and confidence existed between the Defendant and Medivation, you must consider all the facts and circumstances presented to you about Defendant's relationship with Medivation.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NO. 18**
**"ON THE BASIS OF" DEFINED**

In order for you to find the defendant engaged in insider trading, the SEC must prove that the Defendant purchased Incyte call options because of material nonpublic information he knowingly possessed.

It is not sufficient that the SEC proves only that the Defendant bought Incyte call options while knowingly in possession of Medivation, Inc.'s nonpublic information that was material to investors in Incyte.  While the SEC need not prove that the Defendant bought Incyte call options solely because of the material nonpublic information, it must prove that such inside information was a significant factor in Defendant's decision to buy Incyte call options.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 19**
**"MATERIAL" DEFINED**

Information is "material" to a company if there is a substantial likelihood that a reasonable investor would consider the information important in deciding whether to buy or sell that company's securities.  You must decide in this case whether, at the time the Defendant traded, reasonable Incyte investors would believe the allegedly non-public Medivation information significantly altered the total mix of information available concerning Incyte. Further, you must make this determination based on the circumstances as they existed at the time Defendant purchased Incyte securities.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 20**
**"NONPUBLIC" DEFINED**

"Nonpublic" information is information which is not generally available to the public through such sources as press releases, trade publications, or other publicly available sources. Information is considered non-public for purposes of insider trading liability until such information has been effectively disseminated in a manner sufficient to ensure its availability to the investing public.

Information from a corporate insider that is more reliable or specific than public rumors is non-public information despite the existence of such rumors in the media or investment community.  Whether or not the confirmation of a rumor by an insider qualifies as material non-public information is an issue of fact for you to decide.

**NO. 21**
**"RECKLESSLY" DEFINED**

The SEC must prove, by preponderance of the evidence, that the Defendant acted knowingly or recklessly with an intent to defraud Medivation, as described in Instruction 16. "Recklessly" means highly unreasonable conduct that is an extreme departure from ordinary care, which is either known to the Defendant or is so obvious that Defendant must have been aware of it.

**NO. 22**
**JURY NOT TO CONSIDER REMEDY**

The remedies provided by law for a claim brought by the SEC are for the court to decide. You may not consider remedies in deciding whether the SEC has proved its case against Panuwat by a preponderance of the evidence.

**NO. 23**
**CONSIDERATION OF EVIDENCE**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves, except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**NO. 24**
**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**NO. 25**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**NO.  26**
**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.